UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re<br><br>BOYCE ALLEN BURNS and<br>AMANDA LANE BURNS,<br><br>Debtors.<br><br>NANCY GARGULA, United States Trustee,<br><br>Plaintiff,<br><br>v.<br><br>DEIGHAN LAW LLC f/k/a Law Solutions Chicago LLC, d/b/a Upright Law LLC, and JAMES E. FORD,<br><br>Defendants. | Case No. 21-cv-417-JPG<br>Ch. 7 Bankruptcy Case No. 19-60349<br><br><br><br>Adversary No. 20-0618 |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of defendants Deighan Law LLC d/b/a Upright Law LLC ("Upright" or "defendants") and James E. Ford to revise its March 24, 2022, order (Doc. 4) under Federal Rule of Civil Procedure 54(b), made applicable by Federal Rule of Bankruptcy Procedure 7074(a). Specifically, they ask the Court to add the certification of a question for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Doc. 5). They also request oral argument on the motion (Doc. 7). The United States Trustee ("UST") has responded to the motions (Doc. 9).[1]

**I.    Background**

This adversarial bankruptcy proceeding began in May 2021, when the UST filed a

---

[1] Upright objects (Doc. 8) to the UST's notice (Doc. 6) that it intended to respond in thirty days to the defendants' motions. It claims that under SDIL-LR 7.1(g), the proper response period is fourteen days. While Upright is correct, the Court would have granted the U.S. Trustee an extension to make its response timely, so Upright's objection is immaterial.

complaint in Bankruptcy Court against defendants based on Upright's allegedly improper methods of doing business, which the UST alleged violated the Bankruptcy Code and a Bankruptcy Rule.  One of the remedies the UST sought was a civil penalty under 11 U.S.C. § 526(c)(5)(B).  Defendants asked this Court to withdraw the reference of the matter to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) on the grounds that, among other things, they are entitled under the Seventh Amendment to a jury trial on the UST's claims against them for civil penalties, which could not be provided by the Bankruptcy Court without defendants' consent.  *See* 28 U.S.C. § 157(e).

In a March 24, 2022, order (Doc. 4), the Court denied defendants' motion to withdraw the reference without certifying the denial for immediate appeal.  Specifically with respect to the Seventh Amendment jury trial question, the Court held that the UST's claims sought to assert public, not private, rights and that Congress had assigned the adjudication of such claims to the Bankruptcy Court, a specialized court of equity sitting without a jury.  For such claims, the Seventh Amendment does not require a jury trial.  *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 n.4, 51 (1989).  The Court further rejected defendants' other arguments for withdrawing the reference.

Defendants now ask the Court to certify for immediate interlocutory appeal the Seventh Amendment jury trial question:

> In an adversary proceeding in which the United States Trustee (the "UST") seeks civil penalties against the defendants pursuant to 11 U.S.C. § 526 based, in part, on the defendants' alleged misrepresentations, are the defendants' entitled to a trial by jury under the Seventh Amendment?

Defs.' Mot. to Certify Appeal 1 (Doc. 5).

In the meantime, back in the Bankruptcy Court, defendants moved to dismiss the

2

adversarial proceeding. Oral argument on the motion is currently scheduled for August 2, 2022.

**II.     Analysis**

    A.     <u>Reconsideration Under Rule 54(b)</u>

Defendants cite Federal Rule of Civil Procedure 54(b) as authority for adding a certification for immediate appeal to its original order denying withdrawal of the reference to the Bankruptcy Court. Under Rule 54(b), "[a] court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior ruling was erroneous. *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chi.*, 486 F.3d 294, 301 (7th Cir. 2007).

Defendants have not pointed to any extraordinary circumstances justifying reconsideration of the Court's implicit rejection of their request to certify an immediate appeal. It is true that the Court failed to expressly acknowledge and analyze defendants' request in its

original motion to withdraw the reference, but that was for good reason.  The argument consisted of one sentence in the defendants' motion, Defs.' Mot. Withdraw Reference 2 (Doc. 2 at 2), and one identical sentence in the conclusion section of their supporting brief, Defs.' Mem. Supp. Mot. Withdraw Reference 20 (Doc. 2 at 23), without elaboration or citation to any legal authority whatsoever:  "Alternatively, if the Court denies this motion, Defendants ask the Court to certify the Seventh Amendment right to a jury trial issue . . . for interlocutory appeal to the United States Court of Appeals for the Seventh Circuit."  It should be no surprise that this naked request elicited no discussion in the Court's written order.  In fact, arguments like this that are "underdeveloped, conclusory, or unsupported by law" are considered waived.  *Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).  And parties' waiver of an argument is not an extraordinary or compelling reason to reconsider their requests.

      B.     <u>Interlocutory Appeal Under 28 U.S.C. § 1292(b)</u>

Even had defendants not waived their request for certification of an interlocutory appeal, the Court would not find it appropriate.  Under 28 U.S.C. § 1292(b), the Court of Appeals, in its discretion, may hear an interlocutory appeal after certification from the district court that the appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Accordingly, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court:  there must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation."  *Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original); *accord Kenosha Unified Sch. Dist. No. 1 Bd. of Educ. v. Whitaker*, 841

F.3d 730, 732 (7th Cir. 2016).

The Court has discretion whether to certify a non-final order for interlocutory appeal, *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995), and the party seeking an interlocutory appeal bears the burden of demonstrating "'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment,'" *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978) (quoting *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). The final decision rule of 28 U.S.C. § 1291 is the norm, and interlocutory appeal under § 1292(b) "must be used sparingly lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007) (in context of interlocutory appeals of class certification decisions).

While the parties appear not to dispute that the question of whether the Seventh Amendment affords a right to a jury trial for civil penalties under 11 U.S.C. § 526(c)(5)(B) is a question of law and is controlling as to the future course of this case, they disagree about the last two criteria for certification—whether the issue is contestable and whether an interlocutory appeal promises to speed up the litigation.

    1.    <u>Contestability</u>

It is true that there are arguments to be made on each side of this legal issue, as the parties demonstrated in their briefing on the motion to withdraw the reference and on the pending motion. However, the Court does not find substantial ground for difference of opinion warranting an immediate appeal, that is, that "there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on

5

appeal." *Calvin v. Sheriff of Will Cnty.*, No. 03-cv-3086, 2006 WL 1005141, at *4 (N.D. Ill. Apr. 14, 2006) (internal quotations omitted). Importantly, where there is no controlling decision, the party seeking interlocutory appeal must *also* demonstrate a substantial likelihood that the court's original ruling will be reversed on appeal by, for example, pointing to a substantial number of conflicting decisions. *Feit Elec. Co., Inc. v. CFL Techs. LLC*, No. 13-CV-09339, 2019 WL 7020496, at *2 (N.D. Ill. Dec. 20, 2019).

No party cites a case from any jurisdiction holding that there is a right to a jury trial for imposition of a civil penalty under 11 U.S.C. § 526(c)(5)(B), although several courts have rejected that notion outright. Additionally, the UST cites a plethora of cases in which the court has imposed civil penalties under that statute without a jury trial. It hardly needs saying that there are no substantial conflicting decisions regarding the issue.

Furthermore, there is no controlling law from the Court of Appeals for the Seventh Circuit or from the United States Supreme Court, so the defendants must show a substantial likelihood that this Court's ruling will be overturned on appeal. Without a single decision holding that such a Seventh Amendment jury trial right exists, the Court cannot say that mere disagreement among the parties on this count justifies departure from the normal finality rule.

       2.    <u>Expediting the Litigation</u>

The Court further finds that the possibility of speeding up this litigation—and other similar cases—by an immediate interlocutory appeal is not likely enough to justify certifying the matter to the Court of Appeals. Indeed, the question of civil penalties is well on its way to resolution by the Bankruptcy Court, which is currently scheduled to hear the matter in about two months. Presumably, it will render a final decision with dispatch, and if it imposes a civil

penalty, that order may be appealed through the normal channels as a final order where the Court of Appeals can fully consider the matter and order appropriate relief without prejudicing any party. If this Court is correct that the defendants do not have a right to a jury trial, the matter will be over. If this Court is wrong, it can expeditiously conduct a jury trial on remand from the Court of Appeals. Indeed, "[m]any kinds of error may require retrials; the prospect that two trials will be necessary does not make the final-decision rule vanish." *Caldwell-Baker Co. v. Parsons*, 392 F.3d 886, 889 (7th Cir. 2004). In light of the current posture of this case, an immediate interlocutory appeal will not materially expedite its final resolution.

In sum, defendants have not convinced the Court that exceptional circumstances exist to warrant departing from the normal finality rule in this case. Additionally, the Court does not believe oral argument is necessary as it has "received sufficient briefing on these issues." *Fields v. Alcon Lab'ys, Inc.*, No. 3:13-cv-197-DRH-DGW, 2014 WL 1041191, at *1 (S.D. Ill. 2014).

### III.     Conclusion

The Court hereby **DENIES** defendants' motion to revise its March 24, 2022, order to certify an interlocutory appeal (Doc. 5) and motion for oral argument (Doc. 7). The Court further **DIRECTS** the Clerk of Court to send a copy of this Memorandum and Order to the Bankruptcy Court for consideration in conjunction with the adversarial proceeding at issue in this case.

**IT IS SO ORDERED.**
**DATED:  June 3, 2022**

                                                                **/s/  J. Phil Gilbert**
                                                                 J. PHIL GILBERT
                                                                 DISTRICT JUDGE